# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| DELMOS WHITLEY, | No. 15-cv-3771 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF Nos. 1, 1-3] |
| HARRY WEBS, CEO; et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Delmos Whitley, an inmate at the California State Prison - Solano, filed this civil action. He consented to proceed before a magistrate judge. (ECF No. 1-1.)[1] This order screens the complaint and dismisses it with leave to amend, requiring Mr. Whitley to file an amended complaint. This order also denies Mr. Whitley's motion for default judgment.

## STATEMENT

In the portion of the form complaint where the plaintiff is directed to write a statement of his claim, Mr. Whitley wrote that he had a colon resection surgery to remove a cancerous tumor in October 2010, and had another surgery on February 24, 2011 to repair an incisional hernia, which was partially successful. Mr. Whitley further wrote that, during his recuperation from the surgeries,

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

1 he discovered "his inability to release semen," which he states is referred to as a "retro-grade
2 ejaculation." (ECF No. 1 at 4.) Mr. Whitley additionally asserted that he was informed of a 4- to 5-
3 year period to "self-correct" from the problem, but the self-correction did not occur. (*Id.*) The
4 complaint does not mention any defendant's role in Mr. Whitley's problems.  The complaint does
5 not allege the violation of a federal constitutional provision or otherwise allege that the federal court
6 has subject matter jurisdiction over the complaint.

7     The complaint directs the reader to "see exhibits A thru F" for more information about his claim.
8 (ECF No. 1 at 4.)  Exhibits A-F do not appear to have anything to do with the substance of Mr.
9 Whitley's medical care claim and are instead the sort of documents occasionally generated by tax
10 protesters, "constitutionalists," and others claiming to be operating under an alternative legal system.
11 For example, Exhibit A is addressed to the defendants as "libelee/s" from the plaintiff "libelant
12 Delmos Whitley, Secured Party Creditor Executive Trustee for the Trust known as Delmos
13 Whitley." (ECF No. 1-5 at 2.) The document is labeled as an "administrative affidavit of specific
14 negative averment - opportunity to cure and counterclaim," mentions admiralty, a secured party
15 creditor, and asserts such points as "[t]here is no proof that the State of California does not operate
16 under the United States Bankruptcy confirmation on June 5, 1933, also known as the National
17 Emergency and memorialized in Executive Proclamation Number #3972; and Affiant believes there
18 is no proof that exists." (ECF No. 1-5 at 3.) Another document is a "demand for settlement as per
19 agreement" for $33,000,000; the document appears to demand payment in "superior currency
20 backed by gold" and warns that failure to settle "is a commercial dishonor [UCC 3-505.] This is a
21 UCC confirmatory writing and statute staple and is a perfected contract upon the completion of this
22 commercial process." (ECF No. 1-7 at 4.) Many of the exhibits are signed by "Robin Knox POA
23 for Delmos Whitley." (*E.g.,* ECF No. 1-6 at 4; ECF No. 1-7 at 4, 5.)

## ANALYSIS

25     A federal court must engage in a preliminary screening of any case in which a prisoner seeks
26 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
27 § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
28 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).  *Pro se* complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Federal courts are courts of limited jurisdiction.  As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983.  (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.)  In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the complaint does not state a claim under § 1983, the plaintiff should pursue his claims in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Whitley's claim concerns his medical care, which suggests that the Eighth Amendment might apply.  The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for prisoner health and safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For an Eighth Amendment claim based on the response to a prisoner's medical needs, the prisoner must plead and prove: (1) that he had a serious medical need, and (2) deliberate indifference to that need by the defendant, i.e., the prison official knew of and disregarded an excessive risk to prisoner health and safety.  *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  A serious medical need may exist if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). Mere negligence does not violate the Eighth Amendment.  *See Toguchi v. Chung,* 391 F.3d 1051, 1060-61 (9th Cir. 2004).  In his amended complaint, Mr. Whitley must link each proposed defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  If he wishes to pursue an Eighth Amendment claim, he should allege that his complaint is brought under 42 U.S.C. § 1983 to show that the court has federal question jurisdiction.

1    Mr. Whitley filed an "affidavit for entry of default" and a motion for default judgment at the
2 same time he filed his complaint. (ECF Nos. 1-2 and 1-3.) His motion for default judgment against
3 the defendants are DENIED. (ECF No. 1-3.) Federal Rule of Civil Procedure 55(b) contemplates
4 that a default judgment may be sought *after* default has been entered against a defendant. *See New
5 York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been
6 entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); *Lee
7 v. Brotherhood of Maintenance of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991). No
8 defendant was in default as of the day the complaint was filed nor as of today.
9 Insofar as plaintiff sought default judgment, his motion was premature because default had not been
10 entered against any defendant. Plaintiff's request for entry of default will be denied because plaintiff
11 failed to demonstrate to the satisfaction of the court that the defendants had been served with process
12 and are in default. The deadline for any response from the defendants has not yet been set, let alone
13 missed by the defendants.

14    As mentioned in the "Statement" section above, the exhibits to the complaint had nothing to do
15 with the substance of the complaint. It is not appropriate to submit filings irrelevant to a party's
16 claims or defenses. Mr. Whitley is directed to read Federal Rule of Civil Procedure 11, regarding
17 the duties of a litigant in submitting papers to the court, and the sanctions that may follow for failure
18 to comply with that rule.

19    Finally, the court notes that Mr. Whitley lists his address as "c/o Robin Knox-P.O.A." in North
20 Las Vegas, Nevada. This causes two concerns. First, Mr. Whitley has not stated what "P.O.A."
21 means or whether Robin Knox is doing something besides providing a mailing address, although
22 Ms. Knox's signature on many exhibits suggests she may be guiding the litigation efforts. Mr.
23 Whitley can appear *pro se* (i.e., represent himself) or he can be represented by a licensed attorney,
24 but he cannot be represented by a third party who is not a licensed attorney. *See* N. D. Cal. Local
25 Rule 3-9(a)  If he is proceeding *pro se*, Mr. Whitley must sign all his filings to satisfy his
26 obligations under Federal Rule of Civil Procedure 11. The court will not accept motions and
27 pleadings filed by Ms. Knox on Mr. Whitley's behalf unless Ms. Knox is a licensed attorney who
28 satisfies the requirements of Local Rule 11-1. Second, it is highly unlikely that Mr. Whitley will be

able to comply with normal court schedules if his mail is sent to someone in another state, rather than directly to him at the prison at which he resides. At the time he files his amended complaint, Mr. Whitley must either (a) provide his prison address so that mail from the court and opponents may be sent to him directly, or (b) explain how he will obtain materials that are mailed to a third party address in North Las Vegas so that he will be able to timely comply with the court's deadlines. Although the court generally sets longer deadlines when one of the parties is in custody, the court nonetheless may require action within one to two weeks on occasion.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **September 30, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Whitley is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Mr. Whitley does not file an amended complaint, the action will be dismissed.

Mr. Whitley's motion for default judgment is **DENIED**. (ECF No. 1-3.)

**IT IS SO ORDERED.**

Dated: September 4, 2015

_____
LAUREL BEELER
United States Magistrate Judge