UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DELMOS WHITLEY, | No. 15-cv-3771 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 6] |
| HARRY WEBS, CEO; et al., | |
| Defendants. | |

Delmos Whitley, a *pro se* prisoner, filed a civil complaint alleging claims based on his medical care while imprisoned. Specifically, he alleged that, during his recuperation from surgeries done in 2010 and 2011, he discovered "his inability to release semen," also known as a "retro-grade ejaculation." (ECF No. 1 at 4.) The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend, explaining that the complaint did not allege the violation of a federal constitutional right or otherwise allege that the federal court had subject matter jurisdiction over the complaint. The court described the requirements for alleging a claim under the Eighth Amendment.

> Mr. Whitley's claim concerns his medical care, which suggests that the Eighth Amendment might apply. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for prisoner health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For an Eighth Amendment claim based on the response to a prisoner's medical needs, the prisoner must plead and prove: (1) that he had a serious medical need, and (2) deliberate indifference to that need by the defendant, i.e., the prison official knew of and disregarded an excessive risk to prisoner health and safety. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). A serious medical need may exist if the

"failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). Mere negligence does not violate the Eighth Amendment. *See Toguchi v. Chung,* 391 F.3d 1051, 1060-61 (9th Cir. 2004). In his amended complaint, Mr. Whitley must link each proposed defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If he wishes to pursue an Eighth Amendment claim, he should allege that his complaint is brought under 42 U.S.C. § 1983 to show that the court has federal question jurisdiction.

(ECF No. 4 at 3.)

Mr. Whitley filed an amended complaint, providing almost no details beyond those alleged in his original complaint. Mr. Whitley alleges that he had a colon resection surgery to remove a cancerous tumor in October 2010, and had another surgery on February 24, 2011 to repair an incisional hernia, which was partially successful. During Mr. Whitley's recuperation from the surgeries, he discovered "his inability to release semen," which he states is referred to as a "retro-grade ejaculation." (ECF No. 6 at 3.) Mr. Whitley allegedly was informed of a 4- to 5-year period to "self-correct" from the problem, but the self-correction did not occur. (*Id.*) The amended complaint alleges that Mr. Whitley researched and "discovered that there is no existing cure" for the retro-grade ejaculation. (*Id.*) The only new information in the amended complaint is the allegation that the surgeries were performed by Dr. Barron Mark Palmer at Natividad Medical Center.

The amended complaint fails to state an Eighth Amendment claim against any defendant. Assuming *arguendo* that Mr. Whitley's condition amounts to a serious medical need, there is no allegation that any defendant acted with deliberate indifference, i.e., that any defendant knew of and disregarded an excessive risk to his health. *Colwell*, 763 F.3d at 1066. Mr. Whitley identifies Dr. Palmer as the surgeon for both surgeries, but alleges no facts suggestive of deliberate indifference by Dr. Palmer.

An unsigned "affidavit of specific negative averment" attached to the amended complaint states that "[t]here is no proof that the internal injuries/damages received by the Third Party Affiant Delmos Whitley could not/should not have been known or expected to be a possible post condition or procedure after effect, that should have been disclosed to the Third Party Affiant Delmos Whitley." (ECF No. 6 at 13.) Mr. Whitley wrote in an inmate appeal filed in April 2011 that no one told him that retrograde ejaculation was a possibility or a risk of the surgeries he underwent. (ECF

1  No. 6-8 at 5.)  These documents suggest, at most, negligence in failing to disclose to him that his
2  cancer and hernia surgeries carried the risk of a retro-grade ejaculation problem as a side effect of
3  the surgeries.  Negligence does not violate the Eighth Amendment, however.  *See Toguchi*, 391
4  F.3d at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or
5  negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.")

6  As explained in the order of dismissal with leave to amend, federal courts are courts of limited
7  jurisdiction and, as relevant here, the court only has jurisdiction to entertain this action if it raises a
8  federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983.  (ECF No. 4 at 3.)  Mr.
9  Whitley has failed to fail to state a § 1983 claim upon which relief may be granted.  Since he has not
10 pled a claim that would give this court jurisdiction over this action and permit the exercise of
11 supplemental jurisdiction over a state law claim, he must pursue any negligence claim in state court.

12 The amended complaint fails to state a claim for an Eighth Amendment violation or for a
13 violation of any other right under the constitution or laws of the United States.  Further leave to
14 amend will not be granted because it would be futile.  The order of dismissal with leave to amend
15 identified the deficiencies in the original complaint and Mr. Whitley was unable to cure those
16 deficiencies in his amended complaint.  This action is dismissed for failure to state a claim upon
17 which relief may be granted.  This dismissal is without prejudice to Mr. Whitley filing an action in
18 state court if he wishes to pursue a claim for negligence.  The clerk shall close the file.

19 **IT IS SO ORDERED.**

20 Dated: October 28, 2015

21 _____
   LAUREL BEELER
   United States Magistrate Judge